Feltrup v. Schloemer.

## CONTRACTS—EVIDENCE—WILLS.

[Hamilton (1st) Circuit Court, December 3, 1910.]

Giffen, Smith and Swing, JJ.

BERNARD FELTRUP, EXR. v. HELENE SCHLOEMER.

1. **Attorney Drawing Will May Testify as to Conversations with Testatrix Concerning Other Matters.**

   An attorney having drawn the will of testatrix, but performing no other services for her, is not debarred by Gen. Code 11494 from testifying as to conversations occurring between them other than in connection with the drawing of the will.

2. **Past Services Sufficient Consideration for Promise.**

   A contract is not rendered unenforcible by reason of the fact that the consideration for the promise upon which it was based was service rendered in the past.

ERROR to common pleas court.

*H. C. Busch* and *Powell & Smiley,* for plaintiff in error.

*Thorne Baker,* for defendant in error.

**SMITH, J.**

R. S. 5241 (Gen. Code 11494) provides:

"The following persons shall not testify in certain respects: First, an attorney concerning a communication made to him by his client in that relation, or his advice to his client."

This is applicable only where the communication is of such a character that it would not have been made except for that relation. *Smart* v. *Nova Caesarea Lodge No. 2,* 27 O. C. C. 273 (6 N. S. 15).

The witness, Frank J. Dorger, whose testimony was objected to at the trial of the case, was not therefore an incompetent witness. He distinctly states he was only the attorney of Mrs. Niehoff in the drawing of her will; this, therefore, would not foreclose him from being called to testify upon any other subject of conversation between them, but only as to those things and conversations which came to him as attorney by reason of and in connection with the matter for which he was acting as her attorney.

We think the evidence sustains the claim of the defendant

in error, and the court sitting as a jury having so found and instructed a verdict in favor of defendant in error, the same should not be set aside. *First Nat. Bank* v. *Hayes,* 64 Ohio St. 100 [59 N. E. Rep. 893].

Upon the question argued by counsel that the contract could not be enforced for the reason that the services rendered were past and therefore there was no good consideration for the promise, the court is of the opinion that under the rule set forth in the case of *Irwin* v. *Lombard University,* 56 Ohio St. 20 [46 N. E. Rep. 63; 36 L. R. A. 239; 60 Am. St. Rep. 727], this contention can not be maintained.

We find no errors in the record and the judgment will be affirmed.

**Giffen** and **Swing, JJ.,** concur.